GREGORY *v.* GERMAN BANK OF DENVER.

| | |
|---|---|
| 3 | 332 |
| 11 | 600 |
| 3 | 332 |
| 1a | 315 |
| 3 | 332 |
| 7a | 273 |
| 3 | 332 |
| 9a | 469 |
| 3 | 332 |
| 25 | 528 |

1. Section fifteen (R. S., p. 121), prescribing the liability of trustees of corporations, arising from a failure to publish an annual report, is penal in its nature ; the liability is not founded upon contract, but arises from misconduct in office. The repeal of such a statute, without any saving clause in the repealing statute, sweeps away all inchoate rights arising under the statute so repealed. There can be no such thing as a vested interest in an unenforced penalty.

2. A legislature cannot bind a succeeding legislature to a particular mode of repeal.

*Appeal from District Court of Arapahoe County.*

THE appellee had judgment in the court below, for $2,899.25, from which an appeal is prayed to this court. The case is sufficiently stated in the opinion.

Messrs. HUNT & MARKHAM, and BROWNE & PUTNAM, for appellant.

Messrs. SYMES & DECKER, for appellee.

THATCHER, C. J.   This is an action in assumpsit, brought by the German Bank of Denver, against Jacob Gregory, one of the trustees of the Colorado Brewing Company, a corporation organized under the laws of Colorado. It is founded upon an alleged infraction of section fifteen of chapter XVIII, entitled corporations (page 121, R. S. 1868), which enacts as follows: "Every such company shall annually, within twenty days from the 1st day of January, make a report which shall be published in some newspaper published in the town, city or village, or if there be no newspaper published in said town, city or village, then in some newspaper published nearest the place where the business of said company is carried on, which shall state the amount of capital, and of the proportion actually paid in, and the amount of existing debts, which report shall be signed by the president and a majority of the trustees, and shall be verified by the oath of the president or secretary of said company, and filed in the office of the clerk of the county where the business of the company shall be carried on ; and if any of said companies shall fail so to do, all the trustees of the company shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such report shall be made."

This section is identical with section twelve, page 57, Laws of New York, 1848, which is still in force.

This statute is, we may say, self interpreting. Its language is unambiguous. The liability of the trustees arising from a failure to publish an annual report is in no way related to the loss that creditors of the company may sustain by reason of such violation of the statute. The joint and several liability attaches to the trustees, not because creditors of the company contracted with them, not because the corporation is insolvent, but because they neglected to perform a duty enjoined by law. It cannot be said that creditors of the company contracted with reference to any indemnity afforded by this section.

Until the 20th day of January of each year, contracts are

entered into with the corporation without regard to the possible failure of the trustees to publish their annual reports, and their consequent liability for the debts of the company.   This statute is in its nature penal.   It prescribes a determinate penalty for neglect of a duty, imposed by law, upon the trustees of companies organized under our general incorporation act.   The amount of the forfeiture is measured by the aggregate debt contracted by the company. The liability is not founded upon contract, but arises from misconduct in office.   As the trustees who make default in publishing the report are wrong-doers, if the penalty, or any part thereof, should be recovered from any one of them, he could not, without a special statute, compel the others to contribute.   *Andrews* v. *Murray*, 33 Barb. 354; *Hill* v. *Frazer*, 22 Penn. 320.

In New York, the section under discussion is held to be a statute for a penalty or forfeiture.   *Wiles et al.* v. *Suydam*, 64 N. Y. 177; *Miller* v. *White et al.*, 50 id. 137; *Merchants' Bank* v. *Bliss*, 35 id. 412; *Garrison* v. *Howe*, 17 id. 466.

The supreme court of New Jersey, in the case of *Derrickson* v. *Smith*, 27 N. J. 176, in which an action was brought against a trustee of a New York corporation, founded upon the statute in question, says: "It is not claimed that the defendant, by the act of incorporation, is individually liable as a corporator, for the debts of the body corporate, or that his liability attached as a necessary result of the contract made by the company.   His liability results from the failure of the trustees to comply with the requirements of the statute.   It is in fact a penalty inflicted upon the trustees for the failure to perform a duty enjoined by the statute.   It is immaterial whether the penalty be a specified sum, or the payment of the debts of the corporation. In either case, it is a penalty imposed by statute.   *   *   * This being a suit to enforce a penalty inflicted by a statute of the State of New York, it is clear that it cannot be enforced in this State.   Penal laws are strictly local, and affect nothing more than they can reach."   See, also, *First National*

*Bank of Plymouth* v. *Price*, 33 Md. 487; *Halsey* v. *Mc-Lean*, 12 Allen, 438; *Harrisburg Bank* v. *Commonwealth*, 26 Penn. 451.

Upon reason and authority we are constrained to the conclusion that the statute is in its nature penal.

The general assembly, Feb. 11, 1876 (§ 1, p. 49, Session Laws 1876) amended this section by limiting the liability of trustees in default, to those debts "that had been contracted or incurred, since the publication of the last annual report, and for all that should be contracted before such report should be made." This amendment went into effect on the day of its passage, and was the law up to March 1st of the same year. On the same day, February 11th, 1876, the legislature (Session Laws 1876, page 41) passed an act entitled "an act to amend chapter eighteen of the Revised Statutes of Colorado Territory, entitled 'corporations'" (Session Laws 1876, page 41), of which sections three and seventeen are as follows: 'Section three, section fifteen of the act to which this is amendatory is hereby amended by striking out of said section every part thereof after the words 'carried on' in the twelfth line thereof, and the following is enacted instead of the part so stricken out, viz: 'and if any such company shall fail so to do, the president and secretary of such company shall forfeit and pay the sum of two hundred dollars, and shall be jointly and severally liable in an action of debt, at the suit of the People of the Territory of Colorado therefor; and when such sum shall be collected, it shall be paid into the Territorial Treasury, to the credit, of a fund for the use of the public schools of this Territory.'"

"Sec. 17. This act to take effect on the 1st day of March, 1876." Under this law, the forfeiture, if enforced, instead of going to the creditors of the company, went to the credit of a fund for the use of public schools.

If the German Bank is entitled to recover from Jacob Gregory, its right is based upon a statute that had passed out of existence long before it had obtained judgment in the court below. The creditors no longer had any right to pursue the trustees. All judicial proceedings after the repeal were

without authority of law. The right of the creditor to proceed against the trustee depended *exclusively* upon the statute, and when it ceased to exist, all proceedings commenced under it, in the absence of a saving clause in the repealing statute, fell with it. Inchoate rights arising under the statute were swept away. No right can be said to have *accrued* to creditors under the statute, unless before its repeal such right was carried into judgment. There is no such thing as a vested interest in an unenforced penalty. Sedgw. on Stat. Law, 111 ; *Norris* v. *Crocker,* 13 How. 429 ; *Gaul* v. *Brown,* 53 Me. 496 ; *Curtis* v. *Leavitt,* 15 N. Y. 152 ; *Nichols* v. *Squire,* 5 Pick. 167 ; *Bay City R. R. Co.* v. *Austin,* 21 Mich. 391.

It was not competent for the general assembly of 1868 to trammel any succeeding legislature. Every legislature, subject only to constitutional restraints, is as supreme in its own sphere as any of its predecessors or successors. So far as section 21, page 122, R. S., prohibits any future legislature from altering, amending, or repealing the chapter in which it is found, except in the manner and to the extent therein prescribed, it is certainly nugatory when applied to penal sections. If a legislature has the right to bind a succeeding legislature to a particular mode of repeal, it would result practically, that it might at pleasure enact irrepealable statutes. Were the courts to sanction such a doctrine the most disastrous consequences might be expected.

As the legislature of 1876 repealed, without a saving clause, the penal statute upon which the German Bank founds its action, we are of opinion that its suit cannot be maintained. The judgment of the court below must be reversed with costs.

*Reversed.*