CASE 60—WARRANT—DECEMBER 2.

# Speckert v. City of Louisville.
## Riverman v. Same.
## Redman v. Same.
## Bromme v. Same.
## Schulte v. Same.
## Stienmetz v. Same.
## Baumann v. Same.
## Manneman v. Same.
## Riebel v. Same.
## Mischendorf v. Same.
## Hoeflick v. Same.
## Butcher v. Same.
## Huffman v. Same.
## Schaeffer v. Same.
## Dohn v. Same.
## Weber v. Same.
## Williams v. Same.

APPEAL FROM LOUISVILLE CITY COURT.

1. The repeal of a statute pending an appeal by one who has been convicted under it necessitates a reversal of the judgment and a dismissal of the action. The cost of such an appeal must, however, be paid by appellant.

2. A prosecuting officer, who has prosecuted a penal action to judgment in the lower court, has not such a right in the judgment, by reason of his commission, as cannot be taken away by a repeal of the statute which was the foundation of the action pending an appeal.

KOHN & BARKER, R. H. THOMPSON, AND A. DUVALL FOR APPELLANTS.

1. The law as it *now is*, and not as it was when the judgment was rendered, is the law to be applied. (U. S. v. Schooner Peggy, 1 Cranch, 104; Keller v. State, 12 Md., 322; Hartung v. The People, 22 N. Y., 97; Bishop on Statutory Crimes, secs. 175, 176, and 177; Naylor v. City of Galesburg, 56 Ill., 285; 40 Ala., 307; 1 Wash. C. C. R., 89; 1 Binney, 601; Palmer's Case, 2 Bush; 2 Duvall, 349; 2 Dana, 331; 2 B. Mon., 402; Commonwealth v. Cain, 14 Bush.)

2. It is competent for the parties, by agreement, to inform the court of a change in the local law.

3. The prosecuting attorney has no interest in the judgment. There is no such thing as a vested right in any particular remedy. (5 Ind., 280; 12 Ga., 475; Bishop's Statutory Crimes, sec. 178.)

H. CLAY AND T. L. BURNETT FOR APPELLEE.

1. After final judgment in a criminal case the execution of the sentence is not affected by a repeal of the law. (Bishop's Statutory Crimes, sec. 177 )

2. The prosecuting attorney of the Louisville City Court has a *vested* interest in a judgment of that court imposing a fine, and his interest cannot be divested by a repeal of the ordinance under which the fine was imposed pending an appeal. (Bishop's Statutory Crimes, sec. 178.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

A fine was imposed on the appellants for violating section 7 of ordinance No. 669 of the city of Louisville, providing that "no coffee-house keeper shall sell liquor on Sunday, nor after half-past eleven o'clock at night." The appellants, relying on the unconstitutionality of the ordinance, suspended the judgments in the various actions against them, and have prosecuted this appeal.

During the pendency of the appeal, the ordinance under which the penalty was imposed was repealed, and the parties, by an agreement of record, have brought that fact to the knowledge of this court, and appellants now maintain that, as there is no law in existence under which the judgment below can be enforced, the same should be reversed.

Speckert v. City of Louisville.

We are asked by this agreement to treat the case here as if there was a motion to vacate the judgment below before the plaintiff was entitled to execution, on the ground that the law had been repealed, and therefore no penalty could be enforced. The effect of the appeal was to suspend the judgment, and while the judgment below is regarded as final for the purposes of an appeal, its execution cannot be enforced until the appeal is disposed of. It is well settled that no judgment can be rendered in an action to enforce a penalty when the statute under which the proceeding is had has been repealed. "The repeal of the law imposing a penalty is itself a remission." (3 Howard, 574, Maryland v. Baltimore and Ohio Railroad Company.) When such a statute is repealed it ends all the litigation under it, and if the judgment is not final, that is, if the action seeking to recover the penalty is not finally disposed of, the right to the penalty depending on the affirmance or reversal of the judgment, and the repeal is brought to the knowledge of the court, it must necessarily result in a dismissal of the action. In Lewis v. Foster (1 N. H., 61) a judgment had been rendered in an action of debt under a penal statute, and before execution the statute was repealed. The supreme court said: "The plaintiff's right of action was taken away by the repeal of the law on which it was founded." The right of the legislature to repeal such laws cannot be questioned, and the mere fact that a party may be entitled to the benefits resulting from the prosecution of a penal action gives him no vested right to prosecute the action to a recovery, nor does the fact that a judgment has been rendered below vest him with such a right as cannot be divested by legislative action had before execution.

In the case of Yeaton v. the United States (5 Cranch) the schooner General Pinckney and cargo were seized and condemned for violating the law of Congress prohibiting intercourse with certain ports, &c. The case was heard in the supreme court upon both the law and fact, as in this case, and the law having been repealed after the sentence of condemnation, the court said: "It is not *res adjudicata* until the final sentence of the appellate court be pronounced."

It is argued that such causes are tried in the supreme court *de novo*, and in such cases facts may be established that were not found in the record below; still we think the same rule should apply. If, in the course of judicial proceedings, the state in cases of this sort is not entitled to its execution as a matter of right before the repeal of the law, the judgment cannot be enforced. "When repealed," it must "be considered as a law that never existed, except for the purpose of those actions or suits which were commenced, prosecuted, and concluded while it was an existing law. Upon this principle the repeal of a statute puts an end to all prosecutions under the statute repealed, and to all proceedings growing out of it pending at the time of repeal." (Sedgwick on Statutory Law.) "And if a case is appealed, and pending the appeal the law is changed, the appellate court must dispose of the case under the law in force when their decision is rendered." (Cooley's Const. Limitations, fourth edition, 477.)

It follows, therefore, that these judgments must be reversed, and cause remanded, with directions to dismiss each warrant. The appellants, however, should pay the costs of this appeal.