DENVER & R. G. R'Y CO. v. CRAWFORD.

General Statutes, chapter 93, section 15, provided that a railroad company should file with the county clerk notice of a station at which a book should be kept for entering a description of animals killed, under a penalty of double damages for any stock killed. Act of March 31, 1885 (Sess. Laws, 338), amended the statute, omitting the section requiring notice. *Held*, that the omitted section was repealed, and that, the statute being penal, a judgment for double damages for failure to file such notice, in a case pending on appeal at the time of the repeal, must be reversed, and the suit dismissed.

*Appeal from District Court of Chaffee County.*

ACTION by J. E. Crawford against the Denver & Rio Grande Railway Company to recover double damages for the killing of a mare. Plaintiff obtained judgment below, and defendant appeals.

Messrs. E. O. WOLCOTT and J. M. WALDRON, for appellant.

Messrs. H. W. HOBSON and M. G. CAGE, for appellee.

RISING, C. This action was brought under the provisions of section 15, chapter 93, General Statutes of 1883, to recover twice the value of a certain bay mare, which the plaintiff alleged was fatally injured and killed by the defendant, while engaged in operating its railroad in Chaffee county. An issue was also made upon a cause of action authorized by section 14 of said chapter, but the evidence admitted is wholly insufficient to justify a recovery thereunder. That portion of said section 15 upon which the action is based reads as follows: "Every railroad company shall keep a book at some station in each county through which their road runs, to be designated by the company, and a notice of the station so designated shall be filed with the county clerks of the counties in which such stations are located; and it is hereby made a duty of the said company to cause to be

entered in said book, within fifteen days after the killing of any animal, a description, as nearly as may be, of such animal, its color, age, marks and brands, and shall keep said book subject to the inspection of persons claiming to have had animals killed. Should any company fail to keep said book, or to file such notice in the manner herein provided, or to enter therein such description of any animal killed, for a period of fifteen days thereafter, such company shall be liable to the owner of such animal to an amount twice the full value thereof." The plaintiff, in his complaint, alleged the killing of the mare by the defendant; the value; his ownership; and that she was killed without his fault; and further alleged that defendant had failed to file with the county clerk of said Chaffee county a notice of the station on its railroad in said county, to be designated by the defendant as the place where the book provided for in said section 15 should be kept. The plaintiff obtained judgment for twice the value of the animal killed, as found by the jury.

Before entering upon the discussion of the other errors assigned, under the fourteenth assignment appellant makes and argues the point that by the repeal of the statute under which the judgment was obtained, since the judgment was obtained, without any saving clause as to pending actions, the plaintiff's remedy, and all proceedings in the action under said statute, fell. By an act approved March 31, 1885 (Sess. Laws, 338), said section 15 was amended so as to read as set forth in said act; and in said amended section the provision of the section amended, requiring every railroad company to file with the county clerks of the counties through which their road runs a notice of the station designated by the company as the one where the book mentioned in said section would be kept, was omitted. We think it must be considered that this provision was repealed by the failure to re-enact it in the amended section. It is

claimed by appellant that the provision repealed was a
penal statute, and therefore appellee did not obtain any
vested rights under the proceedings had; while it is con-
tended by appellee that the provision repealed is not a
penal statute, but that, the penal clause of the old sec-
tion having been re-enacted in the amended section, it
was not repealed, and that, under any view of the case,
appellee had obtained vested rights under said section 15,
by reason of his judgment, which could not be affected
by the act of 1885. The matter repealed was the right
to recover twice the full value of the animal killed upon
failure of the company to file the notice required, and
the statute giving such right was in its nature penal.
*Gregory v. Bank,* 3 Colo. 332–334; *Railroad Co. v. Aus-
tin,* 21 Mich. 390–408; *Railroad Co. v. Kinney,* 8 Ind.
402. Appellee has not such a vested right, under the
judgment recovered by him, that he cannot be divested
of it by a repeal of the statute upon which the recovery
is based. In *Gregory v. Bank,* 3 Colo. 332–336, it is
said that "there is no such thing as a vested interest
in an unenforced penalty." This expression covers the
whole ground of this case. The obtaining of a judgment
for a penalty does not enforce such penalty, but the pen-
alty must be enforced by the execution of the judgment.
The giving of a bond upon appeal suspends the judgment
for all purposes pending appeal. *Glenn v. Brush,* id.
26–35. The effect of the repeal of a statute, pending an
appeal from a judgment based upon such statute, has
been held to necessitate a reversal of the judgment, and
a dismissal of the action; the court saying: "When such
a statute is repealed, it ends all the litigation under it,
and, if the judgment is not final, that is, if the action
seeking to recover the penalty is not finally disposed of,
the right to the penalty depending on the affirmance or
reversal of the judgment, and the repeal is brought to
the knowledge of the court, it must necessarily result in a
dismissal of the action." *Speckert v. City of Louisville,*

78 Ky. 287; *Mulkey v. State*, 16 Tex. App. 53; *Fitze v. State*, 13 Tex. App. 372; *Pinckard v. State*, id. 373. By reason of the views herein expressed in relation to the effect of the repeal of the statute upon which one of the issues in this action is based, the consideration of the other errors assigned becomes unnecessary. The judgment should be reversed.

DE FRANCE and STALLCUP, CC., concur.

PER CURIAM. For the reasons given in the foregoing opinion the judgment of the court below is reversed.

BECK, C. J., dissenting.

*Reversed.*