## UNION PAC. R'Y CO. V. PROCTOR ET AL.

QUI TAM AND PENAL ACTIONS — REPEAL OF ACT PENDING SUITS.— General Statutes of 1883, chapter 93, section 15, requiring a railroad company to file notice of a station at which a book would be kept for entering description of animals killed, under a penalty of double damages, was repealed by act of March 31, 1885 (Sess. Laws, 338), which took away right of recovery. *Held*, that a judgment for such damages, in a case pending on appeal at the time of appeal, must be reversed. Following *Railway Co. v. Crawford*, 11 Colo. 598.

*Appeal from County Court of Jefferson County.*

THIS was an action by appellees, E. A. Proctor and Charles Hull, against the appellant, the Union Pacific Railway Company, to recover for the killing of a cow upon the railway of appellant, and was commenced before a justice of the peace, where a judgment was given for appellees for double the value of the cow. Appeal was taken to the said county court, where a trial was had to the court, and judgment against appellant was given upon the following findings:

"And upon the 3d day of March, 1884, the court, being fully advised in the premises, finds the issues for the plaintiffs, and against the defendant, and that the value of the cow sued for was $50; and that the defendant killed the cow and failed to make a record thereof accord-

ing to law in the book provided for that purpose; and that the defendant is therefore liable in the sum of $100, being double the value of the said cow, and for the costs of this suit." And the case comes here on appeal therefrom.

Messrs. TELLER & ORAHOOD, for appellant.

Messrs. COE & SALES, for appellees.

STALLCUP, C.  The cow was found near the appellant's railway, with a leg broken, and otherwise injured, apparently by a collision with an engine upon the appellant's railway. It being impracticable to save the cow, she was killed by the employees of the railway company. She was seven-eighths Durham and of the value of $50.

It appears from the evidence and judgment (there being no pleadings in the case) that the appellees obtained judgment under the penal provisions of the statute providing remedies for stock killed in the operation of railways. That provision was then in force and was as follows: "Every railroad company shall keep a book at some station in each county through which their road runs, to be designated by the company, and a notice of the station so designated shall be filed with the county clerks of the counties in which such stations are located; and it is hereby made the duty of the said company to cause to be entered in said book, within fifteen days after the killing of any animal, a description, as nearly as may be, of such animal, its color, marks and brands, and shall keep said book subject to the inspection of persons claiming to have had animals killed. Should any company fail to keep said book or to file such notice in the manner herein provided, or to enter therein such description of any animal killed for a period of fifteen days thereafter, such company shall be liable to the owner of such animal to an amount twice the full value thereof." Sec. 2806, Gen. St.

This provision was repealed by an act approved March 31, 1885, by which the right of recovery thereunder was taken away. See *Railway Co. v. Crawford*, 11 Colo. 598.

The judgment should be reversed.

De France and Rising, CC., concur.

Per Curiam. For the reasons stated in the foregoing opinion the judgment is reversed.

*Reversed.*