Reed, P. J.,
delivered the opinion of the court.
The appellants, with others, claimed to have become incorporated as The Aspen Leader Publishing Company, and was engaged in publishing a newspaper called “ The Aspen Leader,” during the year 1893, and, for the purpose of such publication, rented from appellee a part of a building known as the “ Albers Block,” in the city of Aspen, entered into the possession on the 27th day of March, 1893, and continued to occupy it during the balance of the year at a rental of $110 a month.
There was a written contract of lease executed on the part of the corporation by J. M. McMichael, as manager, who was also at the time assuming to be and acting as a director. Appellants were also acting as directors for the year. The corporation defaulted in the payment of rent, which was to be paid monthly, in advance. At the time of bringing the suit, the corporation was in default from June, 1893, to January, 1894, owing on that date $880. The suit was instituted against the individuals acting as directors of the corporation, unler the statute making them individually and jointly liable for a failure to file the certificates required by the statutes.
The answer was a general denial of the allegations in the complaint. The second defense was as follows : “ And for a second and separate defense to the said action these defendants allege: That the said lease in complaint herein mentioned is not the contract of the said Aspen Leader Publishing Company, and that the same was never authorized by the board of directors of the said company or by any officer or agent of the said company having power to authorize the said lease, nor was the same ever executed or accepted by the said company or by the authority of the said company or by any officer or agent of the said company having power to execute or accept the same.” Third, the nonjoinder of Henry Webber, one of the directors.
A trial was had, resulting in a judgment for the plaintiff for $880, from which this appeal was prosecuted.
*273 This case is against the same parties as the case of Jenet et al. v. Nims, ante, p. 88, recently decided in this court, the foundation of the action the same, the evidence to establish the liability the same, and the law applicable the same. That case must rule and control this.
The corporation, in the contracting of the debt, assuming to act as a corporation, and the individuals against whom the suit was brought assuming to act as directors and contracting the debt as officers, are estopped to deny the official positions in which they pretended to act. See authorities cited in Jenet et al. v. Nims.
The defense that the making of the contract and execution of the lease by the manager and director, McMiehael, was not the act of the corporation, is untenable. Failing to disavow, entering, using the building, and receiving the benefits of the contract, and recognizing its validity by the payment of rent for the first three months, even if the execution of the lease was unwarranted, it was such an adoption and ratification as to estop the company from denying its validity.
Counsel for appellant, in argument, urges that the nonjoinder of Henry Webber as a defendant was fatal error; but no error is assigned upon it, unless it may be considered to have been embraced in the general one that the court refused to grant a nonsuit.
The allegation in the answer, leaving out that portion which is argumentative, and stating the pleader’s conclusion, is as follows: “ These defendants allege that there is a nonjoinder of parties defendant in said action in this, to wit, * * * that Henry Webber, who was a director of said company at all the times mentioned in the said complaint, is not joined as a defendant in the said action.”
I fully agree with the learned counsel in his statements made in the former part of his brief, where he says: “ These statutes give a right of action purely penal in its character; ” then cites the following from Gregory v. German Bank, 3 Colo. 334 : “ It prescribes a determinate penalty for neglect of duty imposed by law upon the trustees of companies or *274 ganized under our general incorporation act. The amount of the forfeiture is measured by the aggregate debt contracted by the company.” Counsel seems later to have lost sight of this well defined distinction, and the well settled rule in regard to parties in actions ex contractu and those ex delicto, for when he comes to apply the statute and his authorities, he relies upon those only applicable to those actions based upon contract. It certainly is not based upon nor controlled by the law relating- to contracts, and whether or not it partakes of the character of an action ex delicto we are not called upon to decide, although the authorities seem to hold that all liability imposed by statute for a failure to comply with the provisions of the statute is in its nature ex delicto, where the well settled rule is that a plaintiff can sue one individual, each individually, or all collectively. But, as stated above, we are relieved of the necessity of deciding the nature of the action from the fact that the defendants offered no evidence in support of their answer whatever, while Henry Webber testified for the plaintiff that all of his connection with the corporation ceased in May or June, 1892; that he sold all of his stock and resigned at that time, and had no connection with it after that date; consequently he had ceased to act as director a year before the debt in question commenced to be contracted.
Several minor questions are raised by the assignment of errors upon the admission and exclusion of evidence. The defendants attempted to introduce evidence that the rental value of the property during the time the debt was being contracted was much less than the price named in the lease. This was properly excluded. The contract of lease fixed the price, and the term had not expired.
The other assignments are purely technical, and could not affect the result. The judgment will be affirmed.

Affirmed.