[No. 3405.]

Sylvester et al. v. J. I. Case Threshing Machine Co.

1. Judgment—*Effect of Pending Appeal.* A judgment from which a perfected appeal is pending is not conclusive of what is therein determined.

2. Practice—*Two Cases Involving the Same Issues—Judgment and Appeal in One.* When of two cases involving the same matters of controversy one has gone to judgment, and an appeal is pending therefrom in the supreme court, the proper practice is to continue the other cause until the determination of the appeal.

But the defendant therein is entitled to plead the same defenses set up in the first action.

*Appeal from Rio Grande District Court.* Hon. Charles C. Holbrook, Judge.

Mr. C. M. Corlett, for appellants.

Messrs. Cary, Upham & Black, Mr. Ira J. Bloomfield, for appellee.

Hurlbut, J.

Action by appellee (plaintiff below) against appellants (defendants below) to recover a judgment upon the last two promissory notes of a series of four, maturing at different dates, given as part of the purchase price of a certain traction engine sold and delivered by plaintiff to defendants.

This action, having involved the same transaction that was considered in *J. I. Case Threshing Machine Co. v. Osborne W. Sylvester et al.,* decided at this term, it will not be necessary to re-state the facts concerning the transaction.

In the case now under consideration the trial court sustained a written motion filed by plaintiff to strike the second defense from defendants' answer, which left nothing remaining in the answer but a simple admission that they had signed and delivered the notes in issue. The question here presented, and which is decisive of this appeal, is the one concerning the action of the court in sustaining plaintiff's motion. Defendants stood upon their answer and perfected their appeal to the supreme court of this state, which appeal was transferred to this court under the legislative act of 1911 creating this court. Session Laws 1911, 266.

The answer admitted that defendants signed the two notes in issue, and, in the second paragraph thereof, set forth at length substantially the same defense they had pleaded in the case of *J. I. Case Threshing Machine Co. v. Osborne W. Sylvester et al., supra,* and also set up in said paragraph the judgment which they had recovered in the case last mentioned as a bar to the prosecution of the present action. At the time this suit was commenced, the former suit had culminated in a judgment from which an appeal had been taken, which was undetermined at the time. Appellants' counsel contends that, as the judgment attempted to be pleaded in the answer as a bar to the action, was pending on appeal, and undetermined at the time of the trial of this case, the plea could not be sustained, and cites, in

support of his contention, *Glenn v. Brush,* 3 Colo. 331, and *D. & R. G. Ry. Co. v. Crawfors,* 11 Colo. 600, which appear to sustain him.

It would seem that when the second action was called for trial, the court, having tried the former case, and being possessed of full knowledge of the issues in that case and the situation there existing, the proper practice would have been to enter an order holding this case in abeyance until the determination of the appeal mentioned, but, having decided to hear and determine the cause, defendants were authorized to plead any defense in their answer which may have existed in their favor, such as breach of warranty, failure of consideration, etc., and, although it may not have been permissible for them to plead the former judgment (pending on appeal) as a bar to the action, they certainly were entitled to plead the matters of defense which were set up and urged in that action. ''A former judgment for plaintiff, in one of a series of actions for money due by installments or other successive causes of action, although not a bar to a subsequent suit, will be final and conclusive evidence as to all points and questions actually litigated and determined by it.''— 23 Cyc. 1184; *Koehler v. Hope Mg. Co.,* 146 Calif. 335; *Bond et al. v. Markstrum,* 102 Mich. 11.

Much has been said in appellee's brief concerning the power of the court to strike the answer or defenses therein contained from the record. Sec. 60, Mills' Annotated Code, lodges a wide discretion in the trial court to strike from the record ''sham and irrelevant answers and defenses, and so much of any pleading as may be irrelevant, redundant or insufficient  *  *  *  *.''  There is a marked distinc-

tion between jurisdiction of a court to strike answers or parts thereof from the record upon proper application being made, and that of error in the exercise of such powers by the court, and under this section if the court should upon motion strike an answer from the record, and it should subsequently appear that the answer was not objectionable upon the grounds of irrelevancy, etc., the judgment of the court would, however, be binding upon the parties and their privies unless appealed from or reviewed on error. In this case the defendants did not choose to abide the rulings of the court, but took their appeal directly to correct the error in the judgment of the court in the exercise of its jurisdiction. We have decided that the court committed reversible error in so ruling, and the judgment will be reversed.

The case of *J. I. Case Threshing Machine Co. v. Osborne W. Sylvester et al.,* involving the same transaction upon which the notes here in issue are founded, was decided at this term of the court and the judgment appealed from was reversed. This judgment is reversed with instructions to the lower court to consolidate the case just mentioned with this, and grant a new trial with leave to the parties to amend or modify their pleadings as they may be advised.

Judgment reversed and remanded.

Walling, J., dissents.