**JEFFERSON COUNTY SCHOOL DISTRICT NO. R–1, Petitioner,**

v.

**INDUSTRIAL COMMISSION of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado), Colorado Division of Employment and Training, and Jim F. Engelbrecht, Respondents.**

**No. 83CA0615.**

Colorado Court of Appeals, Div. I.

June 28, 1984.

Rehearing Denied Aug. 30, 1984.

---

Sherman & Howard, Mary Volk Gregory, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Timothy Arnold, Asst. Atty. Gen., Denver, for respondent Industrial Com'n.

George C. Price, Aurora, for respondent Colorado Div. of Employment and Training.

PIERCE, Judge.

Petitioner, Jefferson County School District R–1 (school district), seeks review of the Industrial Commission's award of full benefits to respondent Jim F. Englebrecht (employee). We set aside the order.

In July 1982, a hearing officer entered findings and the recommendation that the employee be dismissed from his position as an elementary physical education teacher in accord with the Teacher Employment, Dismissal, and Tenure Act of 1967 (the Act), § 22–63–101, et seq., C.R.S. (1983 Cum.Supp.). Acting upon this recommendation, the board of education voted to dismiss the employee in August 1982. The employee's petition for review has been decided by this court and has been announced, but all avenues of review have not been exhausted. *See Engelbrecht v. Jefferson County School District R–1,* 687 P.2d 985 (Colo.App.1984).

In October 1982, the employee filed for unemployment compensation. The Com-

mission affirmed a referee's order for a full award of benefits, based upon a fact determination that the school district was responsible for the separation from employment. *See* § 8–73–108(4), C.R.S. (1983 Cum.Supp.).

The district argues that the issue of performance of employment duties was fully and finally litigated before the hearing officer in conjunction with the action initiated under the Act. And citing *Umberfield v. School District No. 11*, 185 Colo. 165, 522 P.2d 730 (1974), the district contends that the doctrine of collateral estoppel operates to preclude the relitigation of that issue in the unemployment proceeding. Under the facts of this case, we agree and, therefore, set aside the award of full benefits.

### A. *The Doctrines of Res Judicata and Collateral Estoppel*

 In a proper case, the doctrines of res judicata and collateral estoppel may be applied to administrative proceedings. *Umberfield, supra.* When an issue, rather than an entire claim for relief, has been fully litigated in a prior suit, collateral estoppel is applicable to preclude relitigation of that issue in any cause of action different from that involved in the original controversy. However, collateral estoppel is not applicable to preclude litigation of issues which could have been litigated in the first proceeding, but were not. *Umberfield, supra; Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1973).

Therefore, we must determine here whether the issue litigated during the Unemployment Compensation hearing was the same as that litigated and finally decided during the dismissal hearing.

### B. *Finality of Proceedings Under the Act*

The Act provides a comprehensive procedure for the dismissal of tenured teachers and affords such teachers constitutional due process of law. *Umberfield, supra; Ricci v. Davis*, 627 P.2d 1111 (Colo.1981). *See Mabry v. Industrial Commission*, 692 P.2d 1136 (Colo.App.1984).

"Dismissal" under the Act is defined as:

"[T]he involuntary termination of employment of a teacher by a board during the contractual period of time for any reason other than a justifiable decrease in teaching positions or mandatory retirement." Section 22–63–102(3), C.R.S.

Grounds for dismissal include incompetency, neglect of duty, insubordination, or any other good and just cause. Section 22–63–116, C.R.S.

 Here, at the conclusion of the dismissal hearing, the hearing officer made extensive factual findings and concluded that the employer had met its burden of proving by a preponderance of the evidence that the employee had neglected his employment duties, and had performed such duties in an incompetent fashion. The board's determination to dismiss subsequent to the hearing on the merits and entry of findings of fact by the hearing officer in the tenure action constitutes a final action by the Board. *See Lovett v. School District No. 1*, 33 Colo.App. 434, 523 P.2d 152 (1974).

We are not unmindful that the case before us differs in one aspect from *Umberfield, supra.* There is no question that the determination by the school board in *Umberfield* was final as to that board's actions because the board's determination was not appealed. In the case at issue, the determination is still subject to review. The question then arises as to whether the school board's determination is a final judgment upon which collateral estoppel may be based.

 The law on this subject is not uniform in other jurisdictions, but we believe that the better rule has been adopted by the federal courts. Under this rule it is presumed that, even though pending appeal, a decision rendered by a competent tribunal is correct. *Kurek v. Pleasure Driveway & Park District*, 557 F.2d 580 (7th Cir.1977); *United States v. Abatti*, 463 F.Supp. 596 (S.D.Cal.1978); *Rust v. First National Bank*, 466 F.Supp. 135 (D.Wyoming 1979); *Denham v. Shellman Grain Elevator, Inc.*, 444 F.2d 1376 (5th Cir.1971). Some states also follow this principle.

*Wiseman v. Law Research Service, Inc.,* 133 Ill.App.2d 790, 270 N.E.2d 77 (1971); *Silva v. Silva,* 122 R.I. 178, 404 A.2d 829 (1979); *In Re Amica Mutual Insurance Co.,* 85 A.D.2d 727, 445 N.Y.S.2d 820 (1981). *See also Restatement (Second) of Judgments* § 13 comments f and g (1982). We adopt this rule and hold that the pendency of a review proceeding does not suspend the operation of an otherwise final administrative action unless the review removes the entire case to the appellate court for *de novo* consideration or is suspended by a supersedeas order. *See Denver & Rio Grande Railway v. Crawford,* 11 Colo. 598, 19 P. 673 (1888).

Therefore, the Board's dismissal of the employee for incompetency and neglect of duty constitutes a final action to which the doctrine of collateral estoppel may apply in a subsequent administrative proceeding.

C. *Applicability to Workmen's Compensation Act And Proceeding*

Under the Workmen's Compensation Act, the Commission may deny unemployment benefits if the separation from employment occurred for reasons, "including but not limited to ... failure to meet established job performance or other defined standards." Section 8–73–108(9)(a)(XX), C.R.S. (1983 Cum.Supp.); *Dawson v. Industrial Commission,* 660 P.2d 924 (Colo. App.1983).

■ Here, the records of the two hearings demonstrate that identical issues—standards of job performance and failure to meet such standards—were litigated during each of the administrative proceedings. The dispositive determination was made in the order following the teacher tenure action. Hence, because identical issues were considered in each proceeding, the doctrine of collateral estoppel should have been applied to preclude relitigation of this issue during the proceedings under the Workmen's Compensation Act.

The Commission's order affirming the full award of benefits is set aside.

BERMAN and TURSI, JJ., concur.