Christopher J. MABRY, Petitioner,

v.

INDUSTRIAL COMMISSION OF the STATE OF COLORADO (Ex-Officio Unemployment Compensation Commission), Colorado Division of Employment, the Board of Commissioners of the County of Adams, Respondents.

No. 83CA0486.

Colorado Court of Appeals,
Div. I.

June 28, 1984.

Rehearing Denied Aug. 2, 1984.

Graham & Graham, Adele Graham, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert Lehnert, Asst. Atty. Gen., Denver, for respondent Industrial Com'n.

Kevin Maggio, Co. Atty., Kathryn L. Schroeder, Asst. Co. Atty., Brighton, for respondent Board of Com'rs.

PIERCE, Judge.

Petitioner, Christopher J. Mabry (Mabry), seeks review of a final order of the Industrial Commission which denied him unemployment compensation. We set aside the order.

Mabry was employed as a sheriff's deputy. In response to a complaint filed by the County Department of Social Services, the Sheriff's Department (Department) initiated an investigation concerning allegations that Mabry had committed acts of child abuse and sexual misconduct against a child or children.

After it became apparent that these allegations were substantive, the Department served Mabry personally with allegations that he had violated certain departmental rules and regulations warranting his dis-

charge from the Department. Mabry denied these allegations and was given the opportunity to go before an independent polygraph examiner. The polygraph examiner tendered a report to the Department indicating that Mabry's statements during the polygraph examination were untruthful; according to Mabry, however, the results of this test were inconclusive.

Following the polygraph examination, Mabry was given the opportunity to present additional information concerning his alleged violations of Departmental regulations at a hearing before the sheriff, which Mabry apparently attended. At the conclusion of this hearing, the sheriff discharged Mabry for violation of Department regulations, rules, and policies.

After being discharged, Mabry filed for unemployment compensation benefits. Applying § 8–73–108(9)(a)(VII), C.R.S. (1983 Cum.Supp.), the Commission granted him only an award of reduced benefits. It also specifically found that he had been treated fairly under the statute and regulations governing claims for unemployment benefits, and additionally, that:

"He would not be permitted to relitigate the department hearing and disciplinary action which resulted in separation. Where the facts found by one administrative department are essentially the facts upon which would rest a determination under the unemployment law of the second agency—in this case, the Division of Employment and Training and its referee—the ascertainment of the facts which underlie the first agency findings will not be relitigated."

Thus, the Commission concluded that the evidence presented during the discharge proceedings was substantial and competent to demonstrate Mabry's fault or responsibility for his separation from employment and, therefore, justified the denial of a full award of unemployment compensation benefits. The Commission based its holding on *Umberfield v. School District No. 11,* 185 Colo. 165, 522 P.2d 730 (1974).

Mabry asserts that because the hearing conducted by the Sheriff did not afford him complete due process, the issue litigated in that proceeding should not be used to preclude a full award of unemployment compensation. We agree.

Due process of law is provided at an administrative discharge hearing if the governing statutory scheme or regulation provides for a full adversary hearing wherein an accused, after notice of the charges against him, is given the opportunity to challenge those charges. In addition, the accused has the right to counsel, the right to present all evidence bearing on the reasons for the proposed discharge, the right to cross-examine witnesses, and the right to discover and present evidence.

Here, Mabry was neither afforded counsel, the right to cross-examine witnesses, nor the right to discover and present evidence. Therefore, he was denied due process. Because there was no adherence to procedural safeguards which would have afforded Mabry due process, we cannot say that the Sheriff had jurisdiction to determine all issues concerning Mabry's separation from employment. *Cf. Jefferson County School District No. R–1 v. Industrial Commission,* (Colo.App. No. 83CA0615, June 28, 1984); *Umberfield, supra.* Moreover, because Mabry was not afforded due process during the discharge hearing, the Commission erred when it held the rule and rationale set forth in *Umberfield* applicable and preclusive of any further litigation regarding the reason and party responsible for separation from employment.

Accordingly, the Commission's order denying Mabry a full award of unemployment benefits is set aside, and the cause is remanded with directions to conduct a hearing which will afford Mabry due process.

BERMAN and TURSI, JJ., concur.