CITY OF COLORADO SPRINGS, Petitioner,

v.

The INDUSTRIAL COMMISSION OF the STATE of Colorado; and Fernando E. Santos, Respondents.

No. 85CA0345.

Colorado Court of Appeals, Div. I.

Dec. 12, 1985.

Rehearing Denied Jan. 9, 1986.

Certiorari Granted (City) June 2, 1986.

James G. Colvin II, City Atty., Michael J. Heydt, Senior Corporate Atty., Lynette R. Miserez, Corporate Atty., Colorado Springs, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dani R. Newsum, Asst. Atty. Gen., Denver, for respondent Industrial Comn.

Trott, Kunstle and Hughes, Kenneth T. Cook, James A. Reed, Colorado Springs, for respondent Fernando E. Santos.

ENOCH, Chief Judge.

Petitioner, City of Colorado Springs (city), seeks review of an order of the Industrial Commission awarding full unemployment compensation benefits to respondent, Fernando E. Santos (Santos). We affirm.

On April 6, 1984, Santos was discharged from his employment with the city for unsatisfactory performance and conduct unbecoming a city employee. This conclusion was based on Santos' abuse of his sick leave. Pursuant to personnel policies and procedures promulgated by the city manager, Santos appealed his discharge to the city manager and then to the municipal court. The city manager upheld the discharge, and the municipal court determined that the city manager had not exceeded his jurisdiction or abused his discretion in discharging Santos. This determination was not appealed.

On April 13, 1984, Santos filed for unemployment compensation benefits. The city contested his entitlement to such benefits on the basis that collateral estoppel precluded the Commission from redetermining the circumstances of Santos' separation from his employment. The Commission concluded that the doctrine of collateral estoppel was not applicable and found that Santos was entitled to full unemployment benefits.

## I.

On review, the city first contends that the Commission erred in its determination that the doctrine of collateral estoppel was not applicable. We disagree.

When an issue has been fully litigated in a prior administrative proceeding, collateral estoppel may be applicable to preclude the parties from relitigating that issue in subsequent administrative proceedings. *Umberfield v. School District No. 11*, 185 Colo. 165, 522 P.2d 730 (1974); *Jefferson County School District No. R–1 v. Industrial Commission*, 698 P.2d 1350 (Colo.App.1984). However, this doctrine applies only if the administrative body which made the initial determination had subject matter jurisdiction. *Umberfield v. School District No. 11, supra; Mabry v. Industrial Commission*, 692 P.2d 1136 (Colo.App.1984). The applicability of this doctrine may also be limited by statute. *See* § 8–74–108, C.R.S. (1985 Cum.Supp.) (Determinations made under Employment Security Act are not binding on the parties under any other statutory or contractual relationship or on any other agency or court).

Here, the city asserts that it had the requisite jurisdiction because, as a home rule city, it has plenary legislative power over local and municipal matters. Implicit in this argument is the assumption that municipal personnel policies and procedures are exclusively a matter of local concern. We do not agree with this analysis.

In the Colorado Employment Security Act, § 8–70–102, C.R.S., the General Assembly declared economic insecurity caused by unemployment to be a subject of general interest and concern in Colorado, and established administrative procedures to determine eligibility for unemployment compensation benefits. It also granted the Division of Employment and Training jurisdiction to make factual determinations necessary to establish such eligibility. This legislative characterization of unemployment as a matter of statewide concern is reasonable in view of the general nature of

the problem and the desirability of uniform procedures for its alleviation; hence, it will not be overturned by this court. *See Denver & Rio Grande Western Railroad Co. v. Denver,* 673 P.2d 354 (Colo.1983).

Unemployment compensation being a statewide concern, we hold that home rule cities do not have subject matter jurisdiction concerning unemployment benefits. *See Denver v. Colorado River Water Conservation District,* 696 P.2d 730 (Colo. 1985).

Although the city here is entitled to make decisions concerning whether its employees should be discharged for its own local purposes, it does not have authority pursuant to its home rule status to make its factual determinations binding on the Division of Employment and Training. Thus, the Commission properly refused to apply the doctrine of collateral estoppel to bar its determination of whether the circumstances of Santos' separation from his employment entitled him to unemployment compensation benefits.

## II.

The city also contends that there was insufficient evidence to support the Commission's determinations that Santos did not abuse his sick leave and that he did not have a responsibility to inquire about altering his normal city duties to accommodate his medical condition. We disagree.

After Santos was hospitalized for emergency surgery, the city was informed of his medical condition and that he would not be able to return to work for an extended period of time. Although there was a written policy that sick employees call in every day, there was also evidence that this policy had not been enforced. Though there was evidence that the city could have made accommodations allowing Santos to return to work earlier, there was no established policy assigning responsibility to the employee to arrange for such accommodation. Under this state of the record, there was evidentiary support for the Commission's findings, and thus, those findings are bind-

ing on review. *American Metals Climax, Inc. v. Cisneros,* 195 Colo. 163, 576 P.2d 553 (1978).

Santos' request for damages and costs pursuant to C.A.R. 38(d) is denied.

Order affirmed.

PIERCE, J., concurs.

VAN CISE, J., dissents.

VAN CISE, Judge, dissenting.

I respectfully dissent. In my view, the Division of Employment and Training (division) and the Industrial Commission were collaterally estopped from relitigating the issue of the cause of Santos' dismissal, and are precluded from reaching a different conclusion on that issue. And, since cause for separation from employment is the basis for determining eligibility for unemployment compensation benefits, the Commission's order awarding full benefits should be set aside.

The doctrine of collateral estoppel is applicable to administrative proceedings, *Umberfield v. School District No. 11,* 185 Colo. 165, 522 P.2d 730 (1974), including unemployment compensation matters. *Jefferson County School District No. R-1 v. Industrial Commission,* 698 P.2d 1350 (Colo.App.1984).

Here, all of the elements of collateral estoppel were present: identity of issue and parties in both proceedings, finality of judgment, and a full and fair opportunity to litigate the issue in the prior litigation. *See Pomeroy v. Waitkus,* 183 Colo. 344, 517 P.2d 396 (1973).

In accordance with the city's Policies and Procedures Manual, there was a full adversary hearing on the propriety of Santos' dismissal before the city manager, as the reviewing officer. Santos had full knowledge of the grounds for his discharge by his supervisor, the city clerk/treasurer. He had, and exercised, his rights to counsel, to discover and present evidence, to cross-examine witnesses, and to argue the facts and the law. Also, he exercised his right to appeal to the municipal court, was

**604**

represented there by counsel, had a full hearing on the record of the proceedings before the reviewing officer, and he and his supervisor testified there. He could have sought further court review pursuant to C.R.C.P. 106 but chose not to. Therefore, the order of the reviewing officer and the municipal court was final, *Jefferson County School District No. R-1 v. Industrial Commission, supra,* and the requirements of a full and fair hearing, essential for due process, were met. *Cf. Mabry v. Industrial Commission,* 692 P.2d 1136 (Colo.App. 1984).

The majority asserts, and I agree, that unemployment compensation is a matter of statewide concern. However, from that premise, the majority concludes that collateral estoppel is inapplicable here because "cities do not have subject matter jurisdiction concerning unemployment benefits," and lack the authority to make their factual determinations binding on the division. In my view, the majority's conclusion does not follow from its premise.

The fact that unemployment compensation is a matter of statewide concern has nothing to do with the principle that a final decision on an issue actually litigated and determined in one proceeding is conclusive of that issue between the same parties in a subsequent proceeding. The contention of preemption by a state agency with special expertise as a bar to collateral estoppel was made by the dissenting justice in *Umberfield v. School District No. 11, supra* (involving the issue of religious discrimination heard by the Civil Rights Commission), but the contention was rejected by the other members of the court. We should do the same here.

The division's hearing officer held that she was not "prevented from reaching an independent conclusion concerning the claimant's culpability in his termination [because he] did not previously receive a fair hearing before an impartial authority with no interest in the outcome." That is not correct. There is nothing in the record to indicate that Santos did not receive a fair hearing or to rebut the presumption of integrity, honesty, and impartiality in favor of those serving in quasi-judicial capacities. *See Scott v. City of Englewood,* 672 P.2d 225 (Colo.App.1983).