Opinion by
Mr. Justice Sutton.
This is a workmen’s compensation case involving a death occurring outside of Colorado.
Plaintiffs in error were defendants below. We shall refer to them simply as “RCS,” and “Fund” and the “Commission” when necessary, or, collectively as the defendants when referred to jointly. We shall refer to defendants in error as the “claimants.”
The matter is here by writ of error to review a judgment of the district court which reversed a determination of the Commission denying benefits to claimants on the ground of lack of jurisdiction.
The record discloses the following pertinent evidence:
1. That Thelmon Worthy, hereinafter called the “deceased,” was employed by two Alabama employers named Twilley and Motley. These employers entered *539 into an agreement with RCS to set up a sawmill in New Mexico close to the Colorado boundary. RCS had its headquarters in Antonito, Colorado, a few miles from the New Mexico line. The employers brought deceased and some other workmen to the sawmill from outside of Colorado for employment in its operation.
2. Twilley and Motley’s contract with RCS required them to operate the sawmill and to deliver its products to RCS at Antonito. The deceased’s duties were first to help set up the sawmill and then to act as an edger at the sawmill site. On August 24, 1957, he accompanied his brother to Antonito when the latter was delivering a load of lumber to RCS. On arrival he helped unload the lumber and went with his brother to pick up supplies for the sawmill. Both men had been assigned these tasks by their employer. While returning to the sawmill, and after crossing into New Mexico, the truck struck an obstruction in the road, deceased was thrown but and run over, dying four days later.
3. At the first hearing the referee found that deceased’s death did not arise out of or during the course of his employment. The Commission reversed this and returned the case to the referee to determine just where the contract of employment was made. This proved ineffectual because though additional testimony was secured no one seemed to know this fact with any certainty. Thus there is no evidence that the deceased was hired in Colorado under his contract as an edger. In fact the record is not clear as to just where the contract of employment had originated. Thereafter, the Commission found (a) that the contract was not made in Colorado, (b) the services were to be performed in New Mexico, and (c) that the fatal accident occurred in New Mexico. It denied jurisdiction and benefits.
4. That RCS deducted $1.50 per 1000 feet of lumber from the contract price with Twilley and Motley in order to cover the expense of compensation insurance for Twil *540 ley and Motley’s employees in accordance with C.R.S. ’53, 81-9-1. '
5. On review in the district court the Commission was reversed on its determination that it was without jurisdiction, the court determining inter alia that the employment contract was made in Colorado, and that a substantial part of the contract was performed in Colorado by the delivery of the lumber. The court remanded the case to the Commission to reconsider all the evidence and to make a specific finding as to deceased’s pay and the amount of benefits payable.
6. It seems to be conceded by the parties that if the contract of employment had in fact been entered into in Colorado, that fact coupled with the trip to Antonito, i.e. Colorado performed services, would be sufficient to subject RCS to the provisions of C.R.S. ’53, 81-9-1 relating to “Lessor or contractor-out deemed employer — recovery.” In such case the deduction made by RCS of $1.50 per 1000 feet of lumber, above mentioned, could be pertinent.
Thus the case presented is whether under our statutes and decisions jurisdiction of the accident and death lie within Colorado.
It is apparent that the part of C.R.S. ’53, 81-16-3 relating to “Injury outside of state — benefits in accordance with state law,” which relates to * * * an employee who has been hired * * * in this state * * * ” cannot be applied here because a review of this record reveals, as was found by the Commission, that there was insufficient evidence that deceased had been hired in Colorado.
Thus it follows that we must determine whether deceased’s services on the day of the accident amounted to regular employment in Colorado as the alternative test set forth by the aforesaid statute.
In Denver Truck Exchange v. Perryman, 134 Colo. 586, 307 P. (2d) 805, (1957), the contract of hire was made in Michigan and the deceased was killed in Kansas on his way to deliver trucks to a Colorado owner, it was *541 held, that there was' no res which could give jurisdiction to Colorado. We therein set forth three requirements recited earlier in U.S.F. & G. v. Ind. Com. and Lipe, 99 Colo. 280, 61 P. (2d) 1033, any two of which when met can qualify an employee or his dependents for compensation under the Colorado act where the injury or death occurs outside of Colorado. They are:
1. A contract of employment created in Colorado.
2. Employment in Colorado under a contract created outside the state.
3. Substantial employment in Colorado.
We said in the Perryman case:
“If any two of these conditions are met it makes no difference that the employee is not a resident of Colorado or is killed outside the state provided other statutory time limits on out-of-state employment are met.”
In applying this rule to the facts before us we find that the claimants had the burden of proving a Colorado employment contract and failed to do so. Accordingly they cannot benefit from the first of the three requirements.
Next we find some employment in Colorado under a contract of employment evidently created outside the state. Thus claimants meet the second requirement.
Finally we must determine, the death having occurred outside of Colorado, whether a one day working trip from the usual place of employment in New Mexico to Colorado is sufficient to establish “substantial employment in Colorado” of a sufficient degree to meet the satutory requirement of “regular” employment.
We conclude that under the facts presented the third and final requirement was not met. The deceased’s usual and regular employment was as an edger in New Mexico though on the day of the accident he accompanied his brother, at his employers’ direction, to Antonito with a load of lumber. There is no competent evidence however that his duties at the sawmill had varied so often as to make such trip part of his regular employ *542 ment. The Commission’s findings were to the same effect; there being competent evidence to sustain its findings that decedent’s services were to be performed in New Mexico, the trial court and this Court are bound thereby.
The judgment is reversed with directions to enter a judgment affirming the order of the Commission.
Mr. Justice Frantz and Mr. Justice McWilliams concur.