**LOFFLAND BROTHERS COMPANY and National Union Fire Insurance Company, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of the State of Colorado and David Ray Smith, Respondents.**

No. 85CA0131.

Colorado Court of Appeals, Div. I.

Nov. 7, 1985.

Rehearing Denied Dec. 5, 1985.

Certiorari Denied (Ind. Commission) Feb. 10, 1986.

Glasman, Jaynes & Carpenter, James L. Carpenter, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for respondent Indus. Comn.

Breit, Best, Richman & Bosch, Susan Smith Fisher, Denver, for respondent David Ray Smith.

PIERCE, Judge.

In this workmen's compensation case, Loffland Brothers Company and National Union Fire Insurance Company (petitioners) seek review of a final order of the

Industrial Commission which awarded temporary total disability benefits to David Ray Smith (claimant). We set the order aside.

The parties stipulated that in February 1982, claimant was hired to perform duties for Loffland in the state of Wyoming. It was also agreed that on March 10, 1982, claimant was injured in an automobile accident that occurred in Colorado while claimant was "ridesharing" with his supervisor from Wyoming to his home in Colorado. The place of claimant's hire is disputed; however, the Commission found that the record contained substantial and competent evidence that claimant was hired in the state of Colorado.

On review, petitioners contend that the evidence does not support the Commission's findings of fact concerning the situs of claimant's employment contract and, therefore, the Commission exceeded its jurisdiction in adjudicating the claim for benefits. We agree that claimant does not meet the criteria for an award of benefits, but on a basis different from that asserted by petitioner.

■ In order to be entitled to benefits under the Colorado Workmen's Compensation Act (Act), a person must be an employee under the statutory definition. *Denver Truck Exchange v. Perryman*, 134 Colo. 586, 307 P.2d 805 (1957). To qualify as an employee, a worker injured in this state must first meet the essential requirement that a substantial portion of his work be performed in Colorado. In addition, this requirement must be combined with either an accident in Colorado or a contract in Colorado. *U.S. Fidelity & Guaranty Co. v. Industrial Commission*, 99 Colo. 280, 61 P.2d 1033 (1936); *see RCS Lumber Co. v. Worthy*, 149 Colo. 537, 369 P.2d 985 (1962).

■ Here, it is undisputed that claimant performed no work in Colorado. Relying on *Loffland Brothers v. Baca*, 651 P.2d 431 (Colo.App.1982), claimant nevertheless argues that he met the employment element by traveling in Colorado within the course of his employment. On the contrary, we agree with petitioners that claimant's injuries occurred while he was participating in a "ridesharing arrangement," thus the injuries are exempt from coverage under the Act pursuant to § 8–41–104, C.R.S. (1984 Cum.Supp.).

Section 8–41–104, C.R.S. (1984 Cum. Supp.) provides that for Workmen's Compensation purposes, the term "employment" shall not include participation in a ridesharing arrangement, as defined in § 10–4–707.5(2), C.R.S. (1984 Cum.Supp.). The latter provision defines "ridesharing arrangement" in pertinent part, as "the vehicular transportation of passengers traveling together primarily to and from such passengers' place of business or work ...."

Although claimant argues that he was on travel status, the evidence does not support his contention. Here, claimant was not required to travel away from his employment site on the employer's business; rather, he was simply returning home from work. *Cf. Tatum-Reese Development Corp. v. Industrial Commission*, 30 Colo. App. 149, 490 P.2d 94 (1971).

Furthermore, unlike the situation in *Loffland Brothers v. Baca, supra*, where transportation was especially provided by the company for the employees, here there were no such provisions. Claimant's supervisor was simply allowed to give rides to employees, but was not required to do so. Thus, claimant could not be considered as being under "employment" while he was in Colorado.

In light of this disposition we need not address petitioners' remaining contention.

Order set aside and remanded with directions that the claim be dismissed.

KELLY and BABCOCK, JJ., concur.