675 F.Supp. 1280 (1987)
Lawrence M. ROBERTSON, Jr., M.D., Plaintiff,
v.
The STATE BOARD OF MEDICAL EXAMINERS OF the STATE OF COLORADO, Gene E. Bolles, M.D., Henry G. Fieger, M.D., Nancy Gerlock, Jack Klapper, M.D., Stephen R. Kosloff, M.D., Robert Lederer, M.D., Nelson E. Mohler, D.O., Frederick R. Paquette, M.D., Christine A. Petersen, M.D., Ray E. Piper, D.O., Molly Sommerville, Esq., Bruce H. Wilson, M.D., and Michael Vitek, M.D., Defendants.
Civ. A. No. 87-F-941.
United States District Court, D. Colorado.
December 28, 1987.
*1281 William E. Myrick, Denver, Colo., for plaintiff.
Daniel R. Striana, Jr., Marlene T. Gresh, and William Higgins, Asst. Atty. Gen., Denver, Colo., for defendants.

MEMORANDUM OPINION AND ORDER
SHERMAN G. FINESILVER, Chief Judge.
This matter is before the court on defendants' motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(5). Although the motions to dismiss specifically refer to Rule 12(b)(5), the substance of the motions indicate defendants' actually move for dismissal under Fed.R.Civ.P. 12(b)(6). Therefore, we shall treat the motions as filed under Rule 12(b)(6). Since we have considered matters outside the complaint, the motions shall be treated as motions for summary judgment under Fed.R.Civ.P. 56, in accordance with Rule 12(b). For the reasons stated below, defendants' motions for summary judgment are GRANTED.

I.

FACTUAL BACKGROUND
This action arises from certain disciplinary actions taken against plaintiff, a physician, by the State Board of Medical Examiners of the State of Colorado ("Board"). Plaintiff is a physician who practices neuro-surgery. A disciplinary proceeding regarding his license to practice medicine in Colorado was originally commenced in 1980. (Complaint § III, ¶ 1.) On or about August 9, 1982, a Stipulation and Order was entered into between plaintiff and the Board whereby plaintiff agreed to certain monitoring of his surgical practice. (Complaint § III, ¶ 1.) In approximately May of 1984, information that plaintiff was allegedly failing to comply with the terms of the Stipulation and Order came to the attention of the Board. (Complaint § III, ¶ 7.) Consequently, plaintiff was served with a Summary Suspension of his license to practice medicine. (Complaint § III, ¶ 7.) Thereafter, a hearing was held before an independent hearing officer of the State of Colorado on the issue of whether plaintiff had failed to comply with the terms of the *1282 Stipulation and Order. (Complaint § III, ¶ 8.) This was a full evidentiary hearing and plaintiff was represented by counsel. (Id.) The hearing officer rendered an initial decision on or about October 22, 1984. (Id.) The Board issued its final decision and order on March 8, 1985, recommending that plaintiff's practice be monitored for an additional twenty-four months, setting out the conditions by which monitoring must occur, requiring approval by the Board of any monitor, and requiring that plaintiff notify the Board of any surgical procedure for an additional thirty-six months. (Complaint § III, ¶ 11.) Plaintiff appealed the decision of the Board to the Colorado State Court of Appeals on April 19, 1985. (Complaint § III, ¶ 12.) On September 17, 1987, during the pendency of this action, the Court of Appeals rendered its decision affirming the Board. (Exhibit A, Defendants' Reply Memorandum).
The complaint raises four claims: (1) defendants deprived plaintiff of his property and liberty without due process of law in violation of 42 U.S.C. § 1983; (2) plaintiff is entitled to exemplary damages under 42 U.S.C. § 1983; (3) defendants' actions were willful and wanton, entitling plaintiff to damages for mental anguish and duress; and (4) defendants should be enjoined from enforcing the stipulation previously entered by the parties. Plaintiff asserts federal jurisdiction arises under 42 U.S.C. § 1983.

II.

ANALYSIS

A. Immunity Issues

Summary judgment is appropriate only if there are no genuine issues as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the party opposing the motion, and all doubts resolved in favor of the existence of triable issues of fact. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir.), cert. denied, 474 U.S. 823, 106 S.Ct. 77, 88 L.Ed. 2d 63 (1985).
The individual defendants, members of the Board, argue they are entitled to absolute immunity from suit for decisions made pursuant to their duties on the Board. We agree. The recent decision by the Tenth Circuit Court of Appeals in Horwitz v. State Board of Medical Examiners of the State of Colorado, 822 F.2d 1508 (10th Cir.1987) addressed this specific issue. In Horwitz, the Tenth Circuit relied on the decision of Butz v. Economou, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), in determining that the members of the Board were entitled to absolute immunity. The Tenth Circuit stated:
We conclude that under the Butz court rationale, the defendant Board members, who performed statutory functions both adjudicatory and prosecutorial in nature, are entitled to absolute immunity from damages liability under 42 U.S.C. § 1983. There exists a strong need to insure that individual Board members perform their functions for the public good without harassment or intimidation.
822 F.2d at 1515.
Plaintiff's attempts to distinguish this action from Horwitz are unpersuasive. Plaintiff argues Horwitz involved a situation where suspension occurred due to endangering of the public health and safety, and incidents of substandard care. To the contrary, plaintiff asserts this action involves neither health and safety issues nor substandard practices.
These factual distinctions are insufficient to obviate our responsibility to follow the Horwitz decision. Members of the Board are entitled to absolute immunity from personal liability on decisions rendered in the performance of their duties for the Board. The appropriate forum for addressing any perceived inequities in the Board's ruling is with the Colorado Court of Appeals. A suit against the individual members under § 1983 is not actionable.

*1283 B. Sovereign Immunity

The Board asserts it is entitled to dismissal because the action is barred by the Eleventh Amendment to the Constitution. We agree.
The Eleventh Amendment bars actions against a state, its officers, agents and institutions which are part of the state function. Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). A waiver of Eleventh Amendment immunity must be unequivocally expressed. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 99, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984). The Board is an agency of Colorado and has not unequivocally expressed its consent to be sued in this court. Therefore, dismissal of the complaint against the Board is appropriate.

C. Injunction

Plaintiff's fourth claim for relief, requesting that defendants be enjoined from enforcing the original Stipulation and Order is also subject to dismissal. In Colorado Board of Medical Examiners v. Robertson, No. 85CA0569 slip op. (Colo.App. Sept. 17, 1987), the Colorado Court of Appeals affirmed the Board's action, finding that the discipline ordered against Dr. Robertson was not arbitrary or capricious. The ruling by the Colorado Court of Appeals operates to collaterally estop plaintiff's claim for an injunction. See In the Matter of Lombard, 739 F.2d 499, 502 (10th Cir.1984); People ex rel. Gallagher v. District Court, 666 P.2d 550, 554 (Colo.1983). Accordingly,
IT IS ORDERED that defendants' motions to dismiss shall be treated as motions for summary judgment. Defendants' motions for summary judgment are GRANTED. Summary judgment is GRANTED in favor of defendants. The complaint and causes of action are DISMISSED.