Gerald P. IVANCIE and Mary Elizabeth Ivancie, Plaintiffs,

v.

STATE BOARD OF DENTAL EXAMINERS, Willis V. Kittleman, Jr.; Barry L. Wohlgemuth; Russel L. Casement; Fred D. Greenblatt; James R. Parlapiano; Carole Odden; Shirley Schroeder; Paula Miller, in their individual capacities and as members of the State Board of Dental Examiners; James T. Reed, individually and as an Assistant Attorney General, and Thomas J. Beckett, Defendants.

Civ. A. No. 86–K–548.

United States District Court, D. Colorado.

Feb. 18, 1988.

A. Thomas Elliott, Jr., Denver, Colo., for plaintiffs.

Cathy S. Harris, and Christopher Cipoletti, Hall & Evans, and Linda Baker, Asst. Atty. Gen., Denver, Colo., for all defendants except Reed.

William A. Richardson, Denver, Colo., for Reed.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This civil rights suit comes before me on objections to the recommendations of Magistrate Abram on defendants' motion for summary judgment of January 7.

Gerald Ivancie is a dentist licensed to practice in the State of Colorado. The Colorado State Board of Dental Examiners is empowered by the State of Colorado to discipline dentists practising within the state, pursuant to Colo.Rev.Stat. § 12–35–107. This suit arises from an investigation of plaintiff Gerald Ivancie conducted by the board. Individual defendants Kittleman, Wohlgemuth, Casement, Greenblatt, Parlapiano, Odden, Schroeder and Miller are or were members of the board. Defendant Reed was the Assistant Attorney General of the State of Colorado assigned to investigate and prosecute the complaint made of plaintiff. Defendant Beckett was employed as an investigator for the board.

On October 4, 1982 a malpractice complaint against plaintiff was filed with the Board of Dental Examiners. Following an initial investigation, the board dismissed the complaint and closed the case in April 1983. The case was reopened in May 1983. In February 1984, the board referred the case to Assistant Attorney General Reed for hearing and prosecution pursuant to Colo.Rev.Stat. §§ 12–35–118(1)(n)(p) and (q). A hearing was then convened before an administrative hearing examiner on a charge of failing to meet the generally accepted standards of dental care and of negligent malpractice. The hearing officer found insufficient evidence to sustain the complaint. In August, 1985, the board acted on that finding and dismissed the complaint.

Plaintiff Gerald Ivancie asserts violation of his due process rights on the grounds the board prosecuted him twice for the same offense. He further claims his due process rights were violated because the defendant Assistant Attorney General Reed allegedly participated in the board's deliberations on plaintiff's motion to dismiss. The original complaint also posited a plethora of claims for malicious prosecution, failure to act with reasonable dispatch, failure to maintain confidentiality, loss of consortium and outrageous conduct (these two claims being asserted on behalf of both plaintiffs), denial of access to certain records, and abuse of process through administrative bribery.

Summary judgment motions were filed. The magistrate made a recommendation on Jan 7. He found the members of the board protected by absolute immunity from suit. He held the Colorado State Board of Medical Examiners to be protected by the Eleventh Amendment. He further held that double jeopardy did not apply to civil proceedings and that in any event there was no original final adjudication held by the board so as to apply the doctrine.

Two objections have been filed. Plaintiffs say the magistrate erred in finding the Colorado State Board of Dental examiners immune from suit and in applying *res judicata*. Defendants maintain he erred in not awarding them attorney fees.

■ The magistrate's determination regarding the question of immunity was based upon the decision of the Tenth Circuit in *Horwitz v. State Board of Medical Examiners of the State of Colorado*, 822 F.2d 1508 (10th Cir.), *cert. den.* — U.S. ——, 108 S.Ct. 453, 98 L.Ed.2d 394 (1987) which held the members of the Colorado State Board of Medical Examiners acted as quasi-judicial officers in suspending a medical practitioner and as such were entitled to absolute immunity.

There are a number of arguments forwarded. The first relates to the effect of the decision of the Supreme Court in *For-*

*rester v. White,* —— U.S. ——, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988), on these facts. Plaintiffs claim this decision undermines the rationale of *Horwitz* and accordingly that this court should decline to follow that case.

The argument based on *Forrester* is a red herring. That case concerned the issue of whether a state judge was immune from suit for his decision to dismiss a subordinate court employee. In finding that the doctrine of judicial immunity did not apply on the facts before it, the court adopted what it termed a 'functional approach' to the question of immunity. It looked to the nature of the act to which immunity was sought to be attached and found an administrative rather than a judicial act. Accordingly, the court held immunity did not apply.

Plaintiffs maintain the decision of the Tenth Circuit in *Horwitz* should now be reappraised in the light of *Forrester.* In my view, the holding in *Horwitz* squares perfectly with that of the Supreme Court. In *Horwitz,* the court approached the issue of immunity from the same functional standpoint as the Supreme Court subsequently counselled. It looked at the nature of the functions exercised by the defendant State Board of Examiners and decided that the functions with respect to which plaintiff complained were judicial and prosecutorial in nature. Accordingly, the court asserted, the immunity applied. On a number of occasions in the course of its opinion the court determined the nature of the underlying function in question. The crux of the case was the finding that the board's duties were 'functionally comparable' to a court of law, 822 F.2d at 1515. In so deciding it mirrored the exact approach later adopted by the Supreme Court in *Forrester,* and see *Verner v. State of Colorado,* 533 F.Supp. 1109, 1115 (D.Colo.1982), *aff'd* 716 F.2d 1352 (10th Cir.1983), *cert. den.* 466 U.S. 960, 104 S.Ct. 2175, 80 L.Ed. 2d 558 (1984).

Plaintiffs persist, however, in their contention that the functions exercised by the board here were not of an adjudicatory nature. They claim 'the board failed to make the decisions required of it by statute and Due Process of Law'. This claim masks a fundamental misconception as to the nature and purpose of the immunity doctrine. The argument as proposed is not that the board did not exercise an adjudicatory function, but that in exercising an adjudicatory function, it erred. It is this very sort of litigation based around alleged errors of such a nature the immunities are designed to forestall.

The next question is whether *Horwitz* is distinguishable.

First, plaintiffs assert the Sixth Circuit arrived at a different conclusion to that reached in *Horwitz* in the case of *Manion v. Michigan Board of Medicine,* 765 F.2d 590 (6th Cir.1985). They state the Tenth Circuit did not consider this decision in *Horwitz.* The obvious response is that the Tenth Circuit is not required to consider or follow the opinions of the Sixth Circuit. Moreover, I am bound by the decision in *Horwitz* and that is that. I cannot disregard a decision just because another circuit has arrived at a different conclusion. In any event, my impression is that in *Manion,* the court specifically restricted its decision to the facts before it, asserting that in the facts of that case, the defendant board had not 'shouldered' the necessary burden imposed by the decision of the Supreme Court in *Butz v. Economu,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), 765 F.2d at 596.

The next point relates to the question whether, as the magistrate asserted, the duties of the Board of Medical Examiners scrutinized in *Horwitz,* and those of the Board of Dental Examiners are in fact identical. Plaintiffs point to the following differences.

First, no inquiry panel of peers is required of the dental examiners as is required by statute of the Colorado Board of Medical Examiners. I fail to see how this fact alters the rationale of *Horwitz.* It does not avert the fact the board still performs duties 'functionally comparable' to a court of law. As such, a difference of this nature fails to remove the defendant board from the scope of the *Horwitz* decision.

Second plaintiffs maintain, in *Maul v. State Board of Dental Examiners*, 668 P.2d 933 (Colo.1983), the Colorado Supreme Court distinguished between the procedures used for professional discipline under the Colorado Medical Practice Act and those used under the Dental Practice Act. What that court observed was a particular procedure involving the hearing officer did not apply in the case of dentists' disciplinary hearings. Once again this factor does not effect the outcome of this case one way or the other.

■ Plaintiffs then contend the Dental Practice Act itself, Colo.Rev.Stat. § 12–35–118(6)(b) prescribes an immunity less stringent than that afforded here. Accordingly, it is argued, the magistrate erred in imposing an additional and more extensive immunity than that already posited by the Colorado legislature. This same point, however, was disregarded by the Tenth Circuit in *Horwitz* where a similar and lesser immunity was prescribed by statute. The court stated,

> Dr. Horwitz's challenge ignores the fact that the immunity claimed by the Board members here is based upon common law immunity, *supra*, rather than on any statutory grant.
> 822 F.2d at 1516.

The next argument raised is that the violations occurring were different from those in *Horwitz*. Here, plaintiff argues, the fact of evidence being allegedly destroyed and the prosecutor's presence at the determination on the motion to dismiss take this case out of the *Horwitz* mold. Similar arguments have been rejected by Chief Judge Finesilver in another post-*Horwitz* case. In *Robertson v. State Board of Medical Examiners*, 675 F.Supp. 1280 (D.Colo.1987) he stated,

> These factual distinctions are insufficient to obviate our responsibility to follow the *Horwitz* decision. Members of the Board are entitled to absolute immunity from personal liability on decisions rendered in the performance of their duties for the Board. The appropriate forum for addressing any perceived inequities in the Board's ruling is with the Colorado Court of Appeals. A suit against the individual members under § 1983 is not actionable.
> 675 F.Supp. at 1282.

■ Plaintiff's final objection relates to the magistrate's finding regarding double jeopardy. Plaintiff maintains he erred in deciding this was a civil matter to which double jeopardy did not apply. Such may be the case, but in my view it is unnecessary to determine the matter. When the initial motion to dismiss was entered, there was no final adjudication on the merits. In such circumstances, the concept of double jeopardy clearly has no role to play, *United States v. Schmalfeldt*, 657 F.Supp. 385 (W.D.Mich.1987).

■ Defendants move to reconsider partially the magistrate's ruling on the grounds costs should have been assessed against plaintiff. I agree.

Chief Judge Finesilver did just this in the *Robertson* case. This matter falls squarely within the parameters of the *Horwitz* case. Not only this, but defendants specifically informed plaintiffs of the case and its impact on their claims. Plaintiffs nonetheless persisted. In such circumstances, the court has no option but to award costs.

Accordingly it is ORDERED, plaintiffs' motion for reconsideration of the recommendation of the U.S. Magistrate of January 7, 1988 is DENIED. Defendants' motion for costs is GRANTED. Defendants shall file their bill of costs incurred in presenting this motion for summary judgment and motion for reconsideration, with appropriate time records and affidavits annexed within ten days of the date of this order. The clerk is authorized to make an initial determination subject to review upon motion by either party in accordance with local practice.