**David Ray SMITH, Plaintiff–Appellant,**

v.

**Charles E. PINNER; Walter I. Melott, Defendants,**

**Loffland Brothers Company, a Texas corporation, Defendant–Appellee.**

**No. 87–2095.**

United States Court of Appeals, Tenth Circuit.

Dec. 12, 1989.

---

Susan Smith Fisher (John L. Breit and Patricia A. Pritchard on the brief) of Breit, Best, Richman & Bosch, P.C., Denver, Colo., for plaintiff-appellant.

Michael T. McConnell (David B. Higgins on the brief) of Long & Jaudon, P.C., Denver, Colo., for defendant-appellee.

Before BALDOCK, BRORBY and EBEL, Circuit Judges.

PER CURIAM.

Plaintiff appeals from a district court order granting defendant Loffland Brothers Company's motion for summary judgment on the two claims asserted against it [1] in this diversity tort action brought by plaintiff to recover damages for personal injuries suffered when a vehicle owned and allegedly operated by Charles Pinner, plaintiff's immediate supervisor at Loffland, was involved in an accident in Moffat County, Colorado. The district court dismissed plaintiff's negligent entrustment claim by finding that Loffland had not exercised any control over Pinner's voluntary use of his own vehicle, and rejected plaintiff's vicarious liability claim by finding Pinner was not acting within the scope of his employment with Loffland at the time of the accident. Only the latter determination has been challenged, and therefore presented for our review, on this appeal. *See generally Bledsoe v. Garcia,* 742 F.2d 1237, 1244 (10th Cir.1984) (issue not argued in appellate brief deemed waived).

The essentially undisputed facts reveal that the accident in question occurred while plaintiff and Pinner were driving together from a Loffland drill site in Teton County, Wyoming, toward their separate homes in Palisade, Colorado. Pursuant to a "Driller's Travel Reimbursement Agreement" with Loffland, Pinner, a driller, was compensated for a portion (27¢ per mile, up to 500 miles) of his weekly travel expense between home and site, while such transportation for plaintiff, a roughneck on Pinner's crew, was in no way compensated or otherwise provided for by Loffland. However, the agreement did expressly "permit," though not require, Pinner to transport subordinate crew members, who were not allowed to remain on the rig site during the seven-day break that alternated with their work week, in conjunction with his own reimbursed travel to and from the site.

As the two men proceeded toward home, they made at least three stops to purchase beer and liquor, with which they became increasingly intoxicated. Neither Pinner nor plaintiff can remember the events immediately surrounding the accident resulting in plaintiff's injuries, but the investigating officer determined that Pinner was driving the vehicle, and doing well in excess of the speed limit, when it failed to negotiate a curve on Moffat County Road 10 and rolled over. Following an ultimately unsuccessful attempt to obtain workmen's compensation benefits, *see Loffland Brothers Co. v. Industrial Commission,* 714 P.2d 509 (Colo.App.1985), *cert. denied,* February 10, 1986, plaintiff filed this suit for recovery in tort.

Colorado follows the general rule that "an employee traveling from his place at work to his home or other personal destination, after completing his day's work, cannot ordinarily be regarded as acting within the scope of his employment so as to charge the employer for the employee's

---

1. By order issued May 31, 1988, the parties were directed to submit briefs on the question whether this appeal was premature under 28 U.S.C. § 1291 and Fed.R.Civ.P. 54(b) because additional claims were pending against another defendant when plaintiff filed the notice of appeal.

As a final disposition of all remaining claims has since been effected, we recognize our jurisdiction over the appeal. *See FSLIC v. Huff,* 851 F.2d 316 (10th Cir.1988); *Lewis v. B.F. Goodrich Co.,* 850 F.2d 641 (10th Cir.1988).

negligence in the operation of the latter's own car." *Beeson v. Kelran Constructors, Inc.*, 43 Colo.App. 505, 608 P.2d 369, 371 (1979), *cert. denied*, March 24, 1980, quoting *Balise v. Underwood*, 428 P.2d 573, 577 (1967); *see also Varsity Contractors and Home Ins. Co. v. Baca*, 709 P.2d 55, 56 (Colo.App.1985) (same principle followed in workmen's compensation context). Colorado courts have also recognized, however, that "the rule has many exceptions." *Beeson*, 608 P.2d at 371; *see also Varsity Contractors*, 709 P.2d at 56.

■ In a long line of workmen's compensation cases, Colorado has developed the following pertinent exception to the broad rule cited above: "Where the employer agrees to provide its employee with the means of transportation or to pay the employee's cost of commuting to and from work, the scope of employment inferentially enlarges to include the employee's transportation." *Industrial Comm'n v. Lavach*, 165 Colo. 433, 439 P.2d 359, 361 (1968); *see also Martin K. Eby Constr. Co. v. Industrial Comm'n*, 151 Colo. 320, 377 P.2d 745, 747 (1963); *Comstock v. Bivens*, 78 Colo. 107, 239 P. 869, 870–71 (1925). While we can appreciate the district court's expressed reluctance to adopt scope-of-employment principles developed within the workmen's compensation context to resolve the nominally identical issue in the substantively quite different vicarious liability setting, *cf. Finnerman v. McCormick*, 499 F.2d 212, 214–15 (10th Cir.), *cert. denied*, 419 U.S. 1049, 95 S.Ct. 624, 42 L.Ed.2d 644 (1974) (standards for resolving question of employer relationship in workmen's compensation and tort contexts differ sufficiently to preclude application of collateral

estoppel), the Colorado courts have indicated that the travel reimbursement exception recognized in the cases cited above is to be applied in the vicarious liability setting as well. *See Beeson*, 608 P.2d at 371 (vicarious liability case citing *Martin K. Eby* for rule that payment of travel expense "may raise an inference that, while so traveling, the employee is within the scope of employment," though holding that employer's payment of "remote site" wage premium, not contingent upon or otherwise tied to travel, did not warrant inference). Consequently, we cannot join in the district court's categorical conclusion that "[Loffland's] reimbursing Pinner for a portion of his travel expenses, without more, cannot bring him within the scope of Loffland's employment ... in the context of a negligence action." District court memorandum opinion and order at 5.[2] Notwithstanding this point of analytical disagreement, however, we concur in the district court's dismissal of plaintiff's vicarious liability claim for the reasons set forth below.

■ Loffland agreed to compensate Pinner for transportation only up to 500 miles round-trip. Accordingly, Pinner would submit a voucher for a point of destination within a 250–mile radius of his work site. The present accident, however, occurred more than 250 miles from the rig where plaintiff and Pinner were working and, thus, on an unreimbursed portion of Pinner's trip. Since there is nothing in the record to suggest that Loffland intended to allow Pinner to expand the range of compensated travel, and thereby the scope of his employment, beyond the 250–mile radius, the travel reimbursement exception

2. In this regard, we also note our rejection of Loffland's contention that the Colorado Court of Appeals' decision in *Loffland Brothers*, 714 P.2d 509, deeming *plaintiff* outside the scope of *his* employment during the same accident and denying workmen's compensation benefits accordingly, somehow precludes plaintiff's assertion of the vicarious liability claim pursued herein. Actually, *Loffland Brothers* is irrelevant to the present application of the travel reimbursement rule followed in such cases as *Beeson* and *Lavach*, since the crucial fact of Loffland's provision of compensation for employee travel, which is of critical significance to Pinner's em-

ployment status in the case at bar, was not a consideration in determining plaintiff's employment status while enjoying an unreimbursed ride as a passenger in Pinner's vehicle. *See Loffland Brothers*, 714 P.2d at 510 (plaintiff not within scope of employment where Loffland made no provision for his transportation to and from work site). The *Loffland Brothers* court, deciding only plaintiff's entitlement to workmen's compensation benefits, had no occasion to determine whether Pinner was acting within the scope of his employment at the time of the accident.

cannot serve to exempt Pinner from the general rule that an employee merely commuting to or from work is not acting within the scope of his employment.

■ Furthermore, even if Pinner had been within the range of reimbursed travel, a second consideration would preclude the imposition of vicarious liability against Loffland. In 1979, the Colorado legislature amended Colo.Rev.Stat. § 8–41–104 to include the following provision: " '[E]mployment ... shall not include participation in a ridesharing arrangement, as defined in section 10–4–707.5, C.R.S.' " This amendment effectively modifies the travel reimbursement rule by eliminating its potential application to the reimbursed employee who commutes to work in a car pool.[3]

■ In plaintiff's workmen's compensation case, the parties stipulated that plaintiff was ridesharing with Pinner at the time of the accident. *See Loffland Brothers,* 714 P.2d at 510. Indeed, this was one of the reasons cited by the court of appeals for denying benefits in that case. *Id.* Since both plaintiff and Loffland were also parties to that prior litigation, plaintiff cannot herein deny the existence of his ridesharing arrangement with Pinner.[4] *See*

*Otte v. Pierce,* 111 Colo. 386, 142 P.2d 280, 282 (1943) (recognizing principle that, as between common parties, a position taken in an earlier judicial proceeding estops a litigant from adopting an inconsistent position in a later proceeding). *Accord Reno v. Beckett,* 555 F.2d 757, 770 (10th Cir.1977) (recognizing same "judicial estoppel" principle under Kansas law). Moreover, unlike the matter of travel reimbursement discussed *supra* at n. 2, the characterization of plaintiff's status in this regard obviously applies with equal force to Pinner, his ridesharing partner. Accordingly, we hold that plaintiff's vicarious liability claim against Loffland is precluded by § 8–41–104, pursuant to which Pinner could not have been acting within the scope of his employment with Loffland at the time of plaintiff's injury.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

3. The amendment plainly furthers the socially-desirable goal of commuter-ridesharing by encouraging employer facilitation and support of employee car-pooling arrangements through its assurance that employer liability exposure will not thereby increase. However, it must also be admitted that, as to that portion of the work force which is currently paid an allowance for daily travel, the amendment may actually provide a disincentive to the employee for ridesharing, because it serves to withdraw the protections of the workmen's compensation scheme from that class of commuters who might otherwise be covered. While we thus discern a weak crosscurrent in the policy evident behind the statute, we do not consider the limited tension identified here sufficiently pronounced to require divergence from our reading of the plain meaning of the words employed by the legislature. *See generally American Metal Climax, Inc. v. Butler's Claimant,* 188 Colo. 116, 532 P.2d 951, 952 (1975) (where language is plain and free from ambiguity and no absurdity results from direct reading, statutory provision is not subject

to further judicial construction); *Blanchard v. Griswold,* 121 Colo. 29, 214 P.2d 362, 365 (1949) (in construing a statute, ordinary import of language controls unless clear showing of contrary intent appears).

4. We do not consider the initial administrative context of plaintiff's stipulation an impediment to invocation of this rule of judicial estoppel, since it is well-established in Colorado that the closely related principles of collateral estoppel and *res judicata* also apply to administrative decisions, so long as the tribunal in question possesses subject matter jurisdiction. *See Umberfield v. School Dist. No. 11,* 185 Colo. 165, 522 P.2d 730, 732 (1974); *Wilson v. Town of Avon,* 749 P.2d 990, 993 (Colo.App.1987); *Robertson v. State Bd. of Medical Examiners,* 675 F.Supp. 1280, 1283 (D.Colo.1987). Here, the Industrial Commission was clearly invested with "original jurisdiction to hear and decide all matters arising under [the Workmen's Compensation Act]" with respect to plaintiff's claim for benefits. Colo.Rev.Stat. § 8–53–101.