931 F.2d 62
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Curtis Eugene BOROFF, Plaintiff-Appellant,
and
Paul L. ROSE, Jr., Plaintiff,
v.
MAIL-WELL ENVELOPE COMPANY, Defendant-Appellee.
 No. 90-1347.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff, Curtis Eugene Boroff, appeals a district court order granting defendant, Mail-Well Envelope Company's ("Mail-Well") motion for summary judgment. We affirm.
 
 
 3
 Mr. Boroff was employed by Mail-Well from March 27, 1975, to June 10, 1988. He was injured on the job in April 1988. He then filed a worker's compensation claim and engaged attorneys to represent him. Mail-Well terminated Boroff's employment on June 10, 1988, citing Boroff's fight with another employee as its reason. On May 25, 1990, Boroff sued Mail-Well in Colorado state district court for breach of contract and wrongful termination alleging that he was fied in violation of Mail-Well's employment policies and in retaliation for his worker's compensation claim. Mail-Well removed the case to the United States District Court for the District of Colorado pursuant to 28 U.S.C. Sec. 1441.
 
 
 4
 Separately, Boroff pursued a worker's compensation claim before the Colorado State Industrial Commission, seeking post-termination disability benefits. Those proceedings included a full hearing at which Boroff was represented by counsel and presented evidence on his own behalf. The cause of his termination from Mail-Well was an issue since, under Colorado law, an employee is precluded from post-termination disability benefits if the termination occurs through the fault of the employee. On June 18, 1990, a Colorado Administrative Law Judge, Bruce C. Friend, ruled that Boroff was not entitled to disability benefits because "the claimant's employment was terminated when he got into a fight with a fellow employee. The claimant was at fault for the termination." R. Vol. I, tab 17, Ex. A at 4.
 
 
 5
 Subsequently, Mail-Well amended its answer in the federal court proceedings and raised the affirmative defense of collateral estoppel, claiming that as a result of the Colorado administrative proceedings Boroff was estopped to further litigate the reason for his termination from Mail-Well. Based on that defense Mail-Well filed a motion for summary judgment which the district court granted.
 
 
 6
 On appeal, Boroff contends that the state administrative proceeding cannot be given preclusive effect in his federal court lawsuit against Mail-Well and, in any event, the issue before the state industrial commission was not the cause of his termination but whether he was entitled to permanent partial disability benefits.
 
 
 7
 We review de novo an order granting or denying summary judgment, applying the same standards as the district court. Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). We are obliged to examine the record to "determine whether any genuine issue of material fact pertinent to the ruling remains, and if not, whether the substantive law was correctly applied." Florum v. Elliott Mfg., 867 F.2d 570, 574 (10th Cir.1989) (citation omitted); see also Fed.R.Civ.P. 56(c). "In determining whether any genuine issues of material fact exist, the record must be construed liberally in favor of the party opposing summary judgment." Setliff v. Memorial Hosp., 850 F.2d 1384, 1391-92 (10th Cir.1988); see also Fed.R.Civ.P. 56(e).
 
 
 8
 Since this is a diversity case we must examine Colorado law to determine whether Colorado courts would give preclusive effect to an administrative law judge's decision in a worker's compensation proceeding. See Atchison v. Wyoming, 763 F.2d 388, 391 (10th Cir.1985); Peffer v. Bennett, 523 F.2d 1323, 1325 (10th Cir.1975). There is abundant Colorado authority for the proposition that administrative decisions are given preclusive effect in later administrative proceedings if "the administrative body that made the initial determination had subject matter jurisdiction." Wilson v. Avon, 749 P.2d 990, 993 (Colo.App.1987); see also Whelden v. Board of County Comm'rs, 782 P.2d 853, 856 (Colo.App.1989); City of Colo. Springs v. Industrial Comm'n, 720 P.2d 601, 602 (Colo.App.1985); Mabry v. Industrial Comm'n, 692 P.2d 1136, 1137 (Colo.App.1984)). Of course, "[t]he applicability of this doctrine may also be limited by statute." City of Colo. Springs v. Industrial Comm'n, 720 P.2d at 602 (discussing Colorado Employment Security Act). Research has disclosed no Colorado case discussing whether Colorado courts will give preclusive effect to administrative agency proceedings. However, in Smith v. Pinner, 891 F.2d 784, 787 n. 4 (10th Cir.1989), we concluded that Colorado courts would accord preclusive effect to administrative findings.
 
 
 9
 In Smith this court estopped a plaintiff from denying the "existence of his ridesharing arrangement," which the parties had stipulated in the worker's compensation hearing before the Colorado Industrial Commission. Smith v. Pinner, 891 F.2d at 787. The stipulated fact had been one reason for denying benefits. Id. The opinion states:
 
 
 10
 We do not consider the initial administrative context of plaintiff's stipulation an impediment to invocation of this rule of judicial estoppel, since it is well-established in Colorado that the closely related principles of collateral estoppel and res judicata also apply to administrative decisions, so long as the tribunal in question possesses subject matter jurisdiction.
 
 
 11
 Smith v. Pinner, 891 F.2d at 787 n. 4.
 
 
 12
 Prior to Smith we held in McCulloch Interstate Gas Corp. v. Federal Power Comm'n, 536 F.2d 910, 913 (10th Cir.1976) that "[a]n agency's determination of facts underlying its conclusion that jurisdiction was lacking must be given [collateral estoppel] effect in subsequent litigation." Likewise, in Rodriguez v. Bar-S Food Co., 567 F.Supp. 1241, 1245 (D.Colo.1983), the federal district court in Colorado, following Umberfield v. School Dist. No. 11, 522 P.2d 730 (Colo.1974), concluded that Colorado state courts would give preclusive effect to an arbitration award in a subsequent judicial proceeding. See also Terrones v. Allen, 680 F.Supp. 1483, 1485-87 (D.Colo.1988).
 
 
 13
 These cases are consistent with the general rule. Recently, in University of Tenn. v. Elliott, 478 U.S. 788, 798 (1986), the Supreme Court stated:
 
 
 14
 [W]hen a state agency "acting in a judicial capacity ... resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate," Utah Construction & Mining Co., [384 U.S.] at 422, federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts.
 
 
 15
 Id. at 799 (footnote omitted).[1] Similarly in Long v. United States Dept. of Air Force, 751 F.2d 339, 343 (10th Cir.1984), this court, following United States v. Utah Constr. & Mining Co., 384 U.S. 394, 422 (1966),[2] applied res judicata, a doctrine related to collateral estoppel, to a prior administrative proceeding.
 
 
 16
 In summary, then, we hold that Colorado courts would give preclusive effect to matters involved in worker's compensation proceedings before the Colorado Industrial Commission, provided, of course, that the particular issue or claim sought to be precluded passes muster under rules applying to preclusion generally.
 
 
 17
 In Colorado the doctrine of collateral estoppel "bars relitigation of an issue actually litigated in a previous case" if:
 
 
 18
 (1) the issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding;
 
 
 19
 (2) the party against whom estoppel is sought was a party to or was in privity with a party to the prior proceeding;
 
 
 20
 (3) there was a final judgment on the merits in the prior proceeding; and
 
 
 21
 (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.
 
 
 22
 Industrial Comm'n v. Moffat, 732 P.2d 616, 619-20 (Colo.1987) (footnote omitted) (citing People v. Hearty, 644 P.2d 302, 312 (Colo.1982); Pomeroy v. Waitkus, 517 P.2d 396, 399 (Colo.1973)). Here, the issue sought to be precluded is the cause of Boroff's termination.
 
 
 23
 As to that issue we find, first, that the cause of termination is a question identical to both proceedings and was necessary to Judge Friend's ruling. In his objection to Mail-Well's motion for summary judgment, Boroff argued that "the only issue determined or to be determined [in the administrative hearing] was whether the plaintiff was entitled to permanent partial disability benefits.... [N]o other issues were necessarily determined by Judge Friend." R.Vol. I, tab 23 at 3-5. On the contrary, as Mail-Well argued in its Reply Brief concerning its summary judgment motion, it asserted at the hearing that Boroff "was not entitled to any benefits after his termination from employment with Mail-Well because, among other reasons, the termination was his own fault and he was therefore precluded from benefits under Monfort of Colo. v. Husson, 725 P.2d 67 (Colo.App.1986)." R.Vol. I, tab 28, Affidavit of Pamela Musgrave. In Monfort of Colo. v. Husson, 725 P.2d at 69, the Colorado Court of Appeals stated that "[w]here a temporarily disabled employee is determined to be at fault for his termination, subsequent wage loss is caused not by the injury, but rather by the employee's act which led to the termination." Therefore, "the issue of fault with reference to the termination is the dispositive consideration." Id.
 
 
 24
 The parties do not dispute the second element. With respect to the third element, we do not agree with Boroff that his appeal of Judge Friend's decision makes it not final for the application of collateral estoppel. R.Vol. I, tab 23 at 5. In Colorado, the "pending appeal of [a] prior administrative ruling does not prevent application of [the] doctrine of collateral estoppel in [a] subsequent administrative proceedin[g]." Bunnett v. Smallwood, 768 P.2d 736, 740 (Colo.App.1988) (citing Jefferson County School Dist. v. Industrial Comm'n, 698 P.2d 1350 (Colo.App.1984)); see also Miller v. Lunnon, 703 P.2d 640, 643 (Colo.App.1985) ("a judgment otherwise final remains so despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo." (quoting Restatement (Second) of Judgments Sec. 13 comment f (1982)). Common sense tells us that as between an administrative proceeding and a subsequent court proceeding that is not the review of the first, the same principle would apply.
 
 
 25
 Finally, Boroff had a full and fair opportunity to litigate the reason for his employment termination. This reason was central to Judge Friend's decision to deny benefits to him. Boroff was represented by counsel, testified, and had the opportunity both to present evidence and cross examine witnesses.
 
 
 26
 In conclusion, we find that the Colorado state courts would have applied the doctrine of collateral estoppel to preclude Boroff from relitigating the reasons for his employment termination. Therefore, the district court correctly applied the Colorado doctrine of collateral estoppel to the case below. Consequently, no issues of material fact remain to be determined by a jury.
 
 
 27
 Accordingly, we AFFIRM the district court's grant of summary judgment on all issues. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Title VII claims are exceptions to the application of the collateral estoppel doctrine to administrative findings later raised in a federal court. University of Tenn. v. Elliott, 478 U.S. at 796
 
 
 [2]
 The United States Supreme Court in United States v. Utah Constr. & Mining Co., 384 U.S. 394 (1966) applied the doctrine of collateral estoppel in a contract dispute between the government and a private contractor when both the contract dispute clause and the Wunderlich Act "state[d] that administrative findings on factual issues relevant to questions arising under the contract shall be final and conclusive on the parties." Id. at 419 (footnote omitted). The "administrative findings [in question] ... were appropriately made and obviously relevant to another claim within the jurisdiction of the board." Id. The Court then stated: "Although the decision here rests upon the agreement of the parties as modified by the Wunderlich Act, we note that the result we reach is harmonious with general principles of collateral estoppel." Id. at 421 (footnote omitted)